UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TMG METAL,** | |
| **Plaintiff,** | |
| v. | 11-CV-2253 |
| **OKAPI CONSULTANTS, LLC, and MICHAEL YAMANIS,** | OPINION |
| **Defendants.** | |

This matter comes before the Court on Defendant Okapi Consultants, LLC ("Okapi")'s motion to dismiss Plaintiff TMG Metal's ("TMG") complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court will grant Okapi's motion to dismiss in part but will also grant TMG leave to amend.

I.   **Factual and Procedural Background**

On October 21, 2010, TMG and Okapi entered into a contract whereby Okapi agreed to supply TMG with two thousand metric tons of heavy metal scrap per month (the "Agreement") with an option to extend the agreement depending on the success of the initial transaction. TMG asserts that Okapi failed to provide them with any scrap metal. The complaint further alleges that on December 28, 2010, TMG provided Okapi with written notice of its failure to comply with the terms and conditions of the Agreement, but Okapi nevertheless failed to supply the required scrap metal. TMG subsequently attempted to mitigate its damages by purchasing the scrap metal from other suppliers at a higher rate than listed in the Agreement.

On April 20, 2010, TMG filed suit against Okapi. TMG filed the Amended Complaint on May 19, 2011. The Amended Complaint contains three counts: Count I, alleging breach of contract; Count II, alleging harm to reputation; and Count III, alleging breach of the implied covenant of good faith and fair dealing. Okapi now moves to dismiss all three counts.

## II. Legal Analysis

### A. Legal Standards

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Furthermore, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility . . ." *Iqbal*, 129 S.Ct. at 1949 (2009).

Generally, in ruling on a Rule 12(b)(6) motion, a court may rely only on the complaint, exhibits attached thereto, and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The alternative is to convert the motion to dismiss into one for summary judgment. *See* Fed. R. Civ. P. 12(d). Here, Okapi alleges new facts not found in the Amended Complaint based on an affidavit from Brett M. Levy, Okapi's Direct of Commodities and Trade. This Court will exercise its discretion and ignore these additional facts – and the arguments based upon them – as inappropriate for consideration on a Rule 12(b)(6) motion. *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Kurdyla v. Pinkerton Sec.*, 197 F.R.D. 128, 131 (D.N.J. 2000). Instead, the Court will rely only on the Amended Complaint and the Agreement, which TMG attached thereto.

### B. Count I: Breach of Contract

To state a claim for breach of contract under New Jersey Law, a plaintiff must allege: (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing from that breach; and (4) that the party stating the claim performed its own contractual obligations. *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Okapi highlight numerous deficiencies. First, Okapi argues that TMG failed to allege whether it had satisfied the conditions precedent to Okapi's duty to act. Second, Okapi argues that TMG failed to allege the date upon which Okapi was to begin performing. And third, Okapi argues that TMG's failed to allege that its December 28, 2010 notice of non-performance complied with the requirements of the parties' agreement.

Okapi is correct that TMG's allegations are insufficient. Granted, not all of the alleged deficiencies are true deficiencies that would require this Court to dismiss the Amended Complaint for failure to state a claim. For example, whether or not TMG's obligations to issue a documentary letter of credit or to provide Okapi with an export authorization were conditions precedent is unclear.[1] But the Court need not resolve these particular disputes at this time because the fact remains that the Amended Complaint fails to allege specific facts showing that TMG performed its own contractual obligations. Indeed – although such allegations would still be insufficient – the Amended Complaint does not even summarily allege that the plaintiff has performed its contractual obligations. As such, TMG's claim for breach of contract necessarily fails. *Frederico*, 507 F.3d at 204 (affirming dismissal of breach of contract claim where complaint failed to allege that plaintiff complied with her contractual obligations).

### C. Count II: Harm to Reputation

TMG's second claim alleges that Okapi's failure to deliver the required scrap metal harmed TMG's reputation and relationships with its customers. Okapi seeks dismissal of this Count by arguing that the claim is "inherent" in TMG's

---

[1] Courts have held that the process of interpreting contracts to determine whether a condition precedent exists includes an emphasis on "purpose, maxims, prior negotiations, usage of trade, course of dealing, and course of performance." See, e.g., *Sutherland v. Chesson*, 2006 WL 1000574, *5 (N.J.Super.Ct.App.Div. 2006). However, conditions precedent are "disfavored by the courts," *Marsa v. Metrobank For Savings, F.S.B.*, 825 F.Supp. 658, 664 (D.N.J. 1993), *aff'd*, 26 F.3d 122 (3d Cir. 1994), because the "failure to comply with a condition precedent works a forfeiture." *Castle v. Cohen*, 840 F.2d 173, 177 (3d Cir. 1988). Given this analysis, a condition precedent "must be expressed in clear language or it will be construed as a promise." *Id*. In any event, it seems unlikely that TMG had any obligation to visit the scrap yard in the Dominican Republic, condition precedent or otherwise. Rather, the language of section seven of the Agreement suggests that TMG had the *option* of choosing to visit the yard: "Buyer elects to visit yard for selection and cutting instructions at his discretion (buyer choice)." But the Court reserves decision on that issue.

breach of contract claim, and that if the breach of contract claim fails so must the claim for harm to reputation. Okapi also argues that the economic loss doctrine would bar any independent tort action for harm to reputation. But the parties do not cite – and this Court is not familiar with – any case law suggesting that New Jersey law recognizes an independent cause of action for harm to reputation. Nor does TMG appear to be even attempting to plead the type of claim for which harm to reputation is typically the central source of damages – namely, a tort claim for trade libel or similar injurious falsehood. *See, e.g.*, *Patel v. Soriano*, 848 A.2d 803, 834-35 (N.J. Super. A.D. 2004) (discussing trade libel under New Jersey law).

Because of these facts, the Court does not believe that Count II states an independent cause of action of any kind. Instead, the Court understands Count II as alleging an additional or alternative form of damages arising from Okapi's alleged breaches of the contract and the implied covenant of good faith and fair dealing. That is, TMG requests both damages arising directly from the breaches of the Agreement and compensation for the indirect damage the breaches may have caused to its reputation. And while the Court remains skeptical that such damages are likely to be awarded, *see Bennington Foods LLC v. St. Croix Renaissance Group, LLP*, 528 F.3d 176, 178-79 (3d Cir. 2008) (affirming district court's rejection of claim for harm to reputation and holding that plaintiff's "inability to gain possession of the scrap metal at issue here creates at most a monetary loss."), Okapi has not provided a sufficiently explained basis for dismissing or striking this additional theory of damages at this time.

### D. Count III: Breach of the Implied Covenant of Good Faith and Fair Dealing

Finally, TMG argues that Okapi's failure to provide scrap metal was a breach of the implied covenant of good faith and fair dealing contained in their contract. Okapi argues that any claim for breach of the implied covenant cannot survive independently of TMG's claim for breach of the underlying contract, and, even if it could, the economic loss doctrine would necessarily bar the action. Both arguments are wrong. *See Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1126-27 (N.J. 2001) (holding party may breach implied covenant of good faith and fair dealing even where party has not breached underlying contract); *State Capital Title & Abstract Co. v. Pappas Business Services, LLC*, 646 F. Supp. 2d 668, 678 (D.N.J. 2009) (discussing application of economic loss doctrine to various claims and holding that "whether the economic loss doctrine applies is not based on the general type of tort claim being asserted but rather whether the plaintiff's entitlement to economic losses flows directly from obligations set forth in a contract between the parties.").

Instead, the Amended Complaint fails to state a claim for breach of the implied covenant of good faith and fair dealing because it fails to assert facts tending to show that Okapi's alleged breach of contract was in bad faith. *See Cargill Trading v. Applied Development Co.*, 706 F. Supp. 2d 563, 580 (D.N.J. 2010); *Seidenberg v. Summit Bank*, 791 A.2d 1068, 1078-79 (N.J. Super. A.D. 2002). TMG alleges only that "Defendants' failure to provide the product it was required to under the Contract was a breach of the covenant of good faith contained in the Contract." And although Count III incorporates by reference the allegations of the preceding Counts, none of those allegations refer in any way to the Defendants' motives. These minimal allegations are far from sufficient. *See, e.g.*, *GKE Enterprises, LLC v. Ford Motor Credit Co. LLC USA*, No. 09-4656, 2010 WL 2179094, at *4 (D.N.J. May 26, 2010).

### III.  Conclusion

For the reasons stated above, the Court will grant Okapi's motion to dismiss in part and dismiss Counts I and III. The Court also recognizes that absent inequity or futility, a plaintiff should be given an opportunity to amend her complaint prior to its dismissal with prejudice under Rule 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The aforementioned procedural defects in the Amended Complaint are potentially curable, nothing before the Court suggests that TMG has acted in bad faith, and Okapi has made no argument that it would be prejudiced by an additional amendment. Therefore, this Court will dismiss those counts without prejudice, and will also grant TMG an opportunity to amend their Complaint for the narrow purpose of addressing any insufficiencies in Counts I, II, or III. An appropriate order follows.

　　　　　　　　　　　　　　　　　　　  /s/ William J. Martini  
　　　　　　　　　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**